IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SAMUEL BAGGETT, on behalf of himself
and all similarly situated persons and entities                                         PLAINTIFF

VS.                                      4:18-CV-00739-BRW

SHELTER MUTUAL INSURANCE COMPANY                                         DEFENDANT

### ORDER

Pending is Defendant's Motion to Transfer (Doc. No. 13). Plaintiff has responded.[1] For the reasons set out below, the motion is GRANTED.

### I.     BACKGROUND

Plaintiff Samuel Batter, a resident of North Little Rock, Arkansas, alleges that "Shelter [Mutual Insurance Company] has a policy and practice to reduce the Med Pay benefits in an amount equivalent to the sum paid by other insurance, such as health insurance, maintained by an insured," which is in violation of Arkansas Code Annotated § 23-89-202 and Rule 21, Section 3 M of the Arkansas Insurance Commission.[2] On September 6, 2018, Mr. Baggett filed an amended complaint, which added class action allegations.[3]

On May 7, 2018, Donald Whitaker filed a First Amended Class Action Complaint in the Circuit Court for Logan County, Arkansas. That complaint alleges that Shelter Mutual Insurance Company "as a common policy and general business practice . . . reduces its automobile medical

---

[1] Doc. No. 19.

[2] Doc. No. 5.

[3] *Id.*

1

benefit payments owed to its insured based on . . . payments by health insurance carriers," which is in violation of Arkansas Law and the rules of the Arkansas Insurance Commission.[4]

## II. DISCUSSION

"To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction."[5] When applying the first-to-file rule, "courts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.[6] The complaint in this case and in *Whitaker v. Shelter Mutual Insurance Company* involve the same claims, the same relief, and the same defendant. Additionally, both want certification of the same class of Arkansas residents. Although there are two different named plaintiff, the proposed scope of their respective classes substantially overlap.

It is undisputed that the *Whitaker* case was filed first and was the first to include class allegations. Additionally, already pending in that case is a motion for certification and a response. The outcome of that motion directly affects this case. There are no compelling circumstances that would excuse the first-to-file rule in this case. Accordingly, to preserve judicial resources and avoid conflicting rulings, transfer is appropriate in this case.

---

[4]*Whitaker v. Shelter Mutual Insurance Company*, No. 2:18-CV-02091-PKH (W.D. Ark. May 23, 2018).

[5]*Northwest Airlines, Inc. v. Am. Airlines, Inc*., 989 F.2d 1002, 1006 (8th Cir. 1993); Baatz v. Columbia Gas Transmission, LLC, 814 F.3d 785, 789 (6th Cir. 2016) (holding that the first-to-file rule "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results.");

[6]*Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016); *Alltrade, Inc. v. Uniweld Prods., Inc*., 946 F.2d 622, 625 (9th Cir. 1991).

## CONCLUSION

Based on the findings of fact and conclusions of law above, the Clerk of the Court is directed to immediately transfer this case to the Western District of Arkansas, Fort Smith Division.

IT IS SO ORDERED this 7th day of November, 2018.

/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE